```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CECIL O. HARVEY,

                    Plaintiff,                                    MEMORANDUM
                                                                  AND ORDER
        -against-                                                 06-CV-528 (NG)

BUREAU OF CITIZENSHIP & IMMIGRATION
SERVICES,
                    Defendant.
------------------------------------------------------------X
```

GERSHON, United States District Judge.

Plaintiff brings this petition for a writ of mandamus *pro se* seeking to compel the Bureau of Customs and Immigration Enforcement ("BCIE")[1] to adjudicate his wife's Alien Resident Petition for a visa, which she filed on his behalf. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismisses the petition for the reasons discussed below.

## BACKGROUND

Plaintiff, Cecil Harvey, is currently in the custody of the Bureau of Immigration and Customs Enforcement (BICE) at the Hudson County Correctional Facility.[2] In July 2004,

---

[1] Plaintiff incorrectly names the Bureau of Citizenship & Immigration Services as the defendant.

[2] Since 1997, plaintiff has been in and out of the custody of the Bureau of Immigration and Customs Enforcement ("BICE"), (formerly the Immigration and Naturalization Service ("INS")). On January 13, 2004, plaintiff was taken into custody by BICE based upon a final order of deportation. Petitioner has a lengthy history of proceedings before both this court and immigration authorities and has filed four petitions for habeas relief pursuant to 28 U.S.C. § 2241. See Harvey v. People of the City of New York, 05-CV-5108 (NG) (habeas corpus petition filed pursuant to 28 U.S.C. § 2254 dismissed as duplicative on November 29, 2005); Harvey v.

1

plaintiff's wife, Wendy Odle-Harvey, a United States citizen, filed a visa petition on behalf of her husband with the BICE. Compl. p. 1. Plaintiff alleges that to date the application has not been adjudicated. Plaintiff "attributes the Service inaction on this application to the fact that the BCIS knows that the plaintiff has a bona fide marriage and that the application must be approved." Compl. at p.2. Plaintiff further alleges that "he is not insisting upon any right to be granted a waiver of inadmissability once the application is processed but simpl[y] asks this Court to compel the BCIS to extinguish its obligation to adjudicate the application forthwith . . . and if it finds that all of the requirements are met, to issue the notice that a visa is available." Compl. at p. 2.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted;

---

People of the City of New York, 05-CV-4991 (NG) (Section 2254 petition, challenging a 2001 Kings County conviction, presently pending); Harvey v. Homeland Security, 04-CV-4832 (NG) (Section 2241 petition transferred to the Second Circuit on May 25, 2005, pursuant to the Real ID Act of 2005); Harvey v. Ridge et al., 04-CV-909 (NG) (complaint filed pursuant to 28 U.S.C. § 1983 transferred to the United States District Court for the District of New Jersey on March 12, 2004); Harvey v. Immigration Service, 04-CV-607 (NG) (Section 2241 denied without prejudice on October 21, 2004, to allow petitioner to exhaust his administrative remedies); Harvey v. Immigration and Naturalization Service, 01-CV-7942 (NG) (Section 2241 petition dismissed on January 10, 2002, for failure to exhaust administrative remedies); Harvey v. Immigration and Naturalization Service, 01-CV-4202 (NG) (Order dated October 31, 2001, granting petitioner's § 2241 petition and remanding the case back to the Bureau of Immigration Appeals).

or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff invokes this Court's jurisdiction under the Mandamus and Venue Act of 1962.[3] The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Jurisdiction to issue such a writ arises only where there is: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

A writ of mandamus may only be granted to plaintiff if, *inter alia*, "the defendant owes [plaintiff] a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); Adeyeye v. U.S. Citizenship and Immigration Services, No. 05-CV-4065 (NG), 2005 WL 3097891, at *2 (E.D.N.Y. Nov. 18, 2005); Hussein v. Ashcroft, No. 01-CV-1239 (FB); 2002 WL 31027604, at *3 (E.D.N.Y. Sept. 12, 2002); Sharkey v. Ganter, No. 05 Civ. 5577, 2006 WL 177156, at *3 (S.D.N.Y. Jan. 24, 2006); Sadowski v. INS, 107 F.Supp.2d 451, 453 (S.D.N.Y. 2000). The Second Circuit has held that "matters solely within the INS's discretion ... are not reviewable under ... 28 U.S.C. § 1361.... Aside from our powerlessness to intervene, the judicial creation of such a duty would have the potential for mischievous interference with the functioning of already

---

[3] 28 U.S.C. § 1361

3

overburdened administrative agencies." Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir.1978).

As such, "[i]t is [also] settled that the judiciary will not interfere with the visa-issuing process." Id. at 1181 (citing Gomez v. Kissinger, 534 F.2d 518 (2d Cir. 1976); Pena v. Kissinger, 409 F.Supp. 1182, 1185-88 (S.D.N.Y.1976)). Moreover, "[t]he decision whether or not to change an applicant's immigration status is a decision delegated to the discretion of the [INS]." Karan v. McElroy, No. 02 Civ. 6678 (JGK), 2003 WL 21209769, at *1 (S.D.N.Y. May 23, 2003). See Yilmaz v. McElroy, No. 00 Civ. 7542 (RCC), 2001 WL 1606886, at *3 (S.D.N.Y. Dec. 17, 2001) (citations omitted) ("the Immigration and Nationality Act of 1952, as amended, does not obligate the Attorney General or the INS to act on an application to adjust immigrant status, or act within any specified time frame"); Batista v. U.S. INS, No. 99 Civ. 2847 (MBM), 2000 WL 204535, at *3 (S.D.N.Y. Feb. 22, 2000) ("Whether and when to grant an adjustment of status is within the Attorney General's discretion."). Accordingly, this Court does not have jurisdiction under 28 U.S.C. § 1361.

## CONCLUSION

Accordingly, the petition for a writ of mandamus, filed *in forma pauperis*, is denied and this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 7, 2006

/s/(NG)
_____
NINA GERSHON
United States District Judge